UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMANDA W., <br><br>                    Plaintiff, <br><br>        v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>                    Defendant. | CASE NO. 3:25-cv-05396-DWC <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her application for Supplemental Security Income (SSI) benefits. Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court finds no reversible error and affirms the Commissioner's decision to deny benefits.

**I.   BACKGROUND**

Plaintiff applied for SSI on April 19, 2019. Administrative Record (AR) 9315. Her requested hearing was held before an Administrative Law Judge (ALJ) on April 6, 2021. AR 47–95. The ALJ issued an unfavorable decision the following month. AR 26–46. On appeal to this

Court, the ALJ's decision was reversed pursuant to a stipulation by the parties in April 2023. AR 9416–17. A second hearing was held on February 13, 2024. AR 9343–81. The ALJ issued a decision finding Plaintiff not disabled on May 10, 2024. AR 9312–42. The Appeals Council declined to consider Plaintiff's exceptions to the decision, making the decision the final decision of the Commissioner subject to judicial review. AR 9305–06. On May 13, 2025, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 5.

## II.   STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.   DISCUSSION

In her opening brief, Plaintiff argues the ALJ erred in considering the medical opinion evidence, her subjective testimony, and several lay witness statements. Dkt. 18.[1]

**A.   Medical Opinion Evidence**

ALJs are required to articulate how they considered medical opinions. *See* 20 C.F.R. § 404.1520c. "A medical opinion is a statement from a medical source about what [a claimant] can still do despite [his] impairment(s) and whether [he has] one or more impairment-related limitations or restrictions" in a set of abilities. 20 C.F.R. § 404.1513(a)(2). For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating

---

[1] Plaintiff also contends the ALJ's RFC assessment was erroneous because it did not include limitations supported by the evidence she contends was improperly evaluated. Dkt. 18 at 18–19. Because the Court concludes the ALJ did not err in considering that evidence, the Court rejects this argument.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 2

or examining sources. *See* 20 C.F.R. § 404.1520c(a). Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, considering each opinion's "supportability" and "consistency," and, under some circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 404.1520c(b)–(c).

Plaintiff challenges the ALJ's consideration of several statements and some of the medical evidence. *See* Dkt. 18 at 3–13.

First, Plaintiff challenges the ALJ's assessment of a letter submitted by Ruth Dekker, ARNP, in September 2020 (AR 9251). Dkt. 18 at 3. The letter stated that Plaintiff "has uncontrolled epilepsy, which may cause difficulty obtaining and maintaining gainful employment." *Id.* Statements that a claimant is or is not "disabled, blind, able to work, or able to perform regular or continuing work" are statements on issues reserved to the Commissioner which the ALJ is not required to address. 20 C.F.R. § 404.1520b(c)(3)(i). To the extent ARNP Dekker's letter expressed an opinion that Plaintiff would be unable to obtain or maintain gainful employment, it was a statement on an issue reserved to the Commissioner which the ALJ was not required to address.[2]

Second, Plaintiff challenges the ALJ's assessment of the medical opinion of J. Keith Peterson, PhD, rendered in April 2017 (AR 309–14). Dr. Peterson completed several tests and then concluded Plaintiff required work that did not stress cognitive function and that her PTSD would cause several problems in the workplace. AR 313.

To the extent Dr. Peterson's opinion was inconsistent with the RFC, the ALJ found the opinion unpersuasive because it was rendered two years prior to the start of the relevant period.

---

[2] Plaintiff had also suggested to the ALJ that ARNP Dekker "did not want her working because she would be a danger to herself and others," but the ALJ found there was no evidence in the record to support this statement from ARNP Dekker. AR 9331. Although the ALJ cited for this proposition an irrelevant treatment note (AR 4156), Plaintiff has not shown the statement attributed to ARNP Decker appeared in the record. *See* Dkt. 18 at 3.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 3

1    *See* AR 9332–33. This was a proper basis for rejecting the opinion. *See Carmickle v. Comm'r,*
2    *Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the
3    alleged onset of disability are of limited relevance.") (citation omitted). The ALJ also noted
4    Plaintiff demonstrated intact cognitive functioning on examination. *See* AR 9332. The ALJ could
5    reasonably find normal mental status examinations from the relevant period were more probative
6    of Plaintiff's functioning than Dr. Peterson's examination from outside the relevant period.

7         Third, Plaintiff argues the ALJ erred in failing to specifically address a statement of
8    Laura Lynam, MD, wherein she described Plaintiff's seizures, their relevant symptoms, and her
9    treatment (AR 2701–02). But such descriptions do not describe what Plaintiff can do and how
10   she is restricted by her impairments. Dr. Lynam's opinion is thus not a medical opinion. *See* 20
11   C.F.R. § 404.1513(a)(2). Rather, descriptions of the nature and severity of impairments
12   constitute other medical evidence. *Id.* § 404.1513(a)(3).

13        Fourth, Plaintiff contends the ALJ erred in assessing letters from Laura Hershkowitz,
14   DO, and Dr. Lynam. Both sources wrote Plaintiff "would greatly benefit from having a
15   companion animal." AR 2800, 9332. Such statements do not suggest Plaintiff would be unable to
16   work without a companion animal, so they do not suggest Plaintiff has further limitations which
17   would need to be included in the Residual Functional Capacity. *See* 20 C.F.R. § 404.1545(a)(1)
18   ("Your residual functional capacity is the most you can still do despite your limitations.").

19        Fifth, Plaintiff also summarizes some of the rest of the medical evidence but fails to raise
20   any argument in doing so, aside from an assertion that it supports Plaintiff's claim that she is
21   unable to work. *See* Dkt. 18 at 6–12. The Court declines to assess this evidence. The Court will
22   not consider matters that are not "specifically and distinctly" argued in Plaintiff's opening brief.
23   *Carmickle*, 533 F.3d at 1161 n.2 (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d
24

1145, 1164 (9th Cir. 2003)). Plaintiff's bare assertion that the evidence supports her claim does not demonstrate legal error in the ALJ's assessment of the evidence or show the ALJ's decision was not supported by substantial evidence.

Finally, Plaintiff argues the ALJ erred in finding the opinions of the state agency sources persuasive because they were rendered near the beginning of the relevant time period and they were inconsistent with some of the other evidence of record, including the other statements Plaintiff challenged and Plaintiff's subjective testimony. Dkt. 18 at 12–13. Plaintiff has not established error. The regulations do not require a source be discounted simply because that source did not consider all evidence. *See* 20 C.F.R. § 404.1520c(b)(2), 404.1520c(c)(5) (extent source familiar with evidence is valid consideration but not one of "most important factors" they must articulate their analysis of); *see also Elsey v. Saul*, 782 F. App'x 636, 637 (9th Cir. 2019) (unpublished) ("The [pre-2017] regulations require that an ALJ evaluate the degree to which a non-examining source considers the evidence, not that a failure to consider all evidence requires the source to be discounted."). The Court has found the ALJ properly assessed the evidence Plaintiff relies on in arguing the opinions were lacking in consistency. Nevertheless, "the report of a nonexamining, nontreating physician need not be discounted when it is not contradicted by *all other evidence* in the record." *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (quotation omitted, emphasis in original).

In sum, Plaintiff has not shown error in the ALJ's assessment of the medical opinion evidence.

**B.      Subjective Symptom Testimony**

Plaintiff testified at the first hearing that she continued to have one to two seizures per month. AR 60–61. She testified at the second hearing that, after her vagus nerve stimulator was

implanted, she had about four seizures per year. AR 9368. She testified that the seizures could inhibit her from talking or walking for several hours (AR 61–62) and that she would black out for up to several hours (AR 9369). She also testified to having traumatic flashbacks and panic attacks which were debilitating, preventing her from social interaction or productivity. *See* AR 65–66, 79–80, 9371.

Where (as is the case here) the ALJ finds Plaintiff has presented evidence of one or more impairments which could be reasonably expected to cause her alleged symptoms and there is no affirmative evidence of malingering, the ALJ must give specific, clear, and convincing reasons for discounting Plaintiff's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

The ALJ discounted Plaintiff's testimony about her seizures because the evidence suggested her symptoms "would be much better controlled if [she] were more compliant with her treatment recommendations, including taking her medications regularly, avoiding marijuana, and avoiding alcohol." AR 9329 (citing AR 2958, 2974). As the ALJ noted, Plaintiff was told to avoid alcohol and marijuana because they could trigger seizures, but Plaintiff did not abide by that recommendation. *See* AR 9331 (citing AR 9201). An ALJ can consider an "unexplained or inadequately explained failure to . . . follow a prescribed course of treatment." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

Plaintiff offered some explanations for her failure to follow treatment recommendations, but the ALJ properly considered them. *See* AR 2330–31. She suggested her failure to regularly take medication was related to memory issues, but the ALJ reasonably rejected this contention because mental status examinations regularly showed she had normal cognitive functioning. AR 9329. Plaintiff points to Dr. Peterson's examination as evidence of memory deficits but as

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 6

discussed, the ALJ could reasonably conclude that examination was not probative given it was administered before the relevant period. Similarly, although Plaintiff reported hallucinations as side effects to some medications, the ALJ properly discounted this because she had reported elsewhere in the record she had hallucinations only for a few weeks. AR 9329 (citing AR 2551).

The ALJ also discounted Plaintiff's testimony because the alleged extent and frequency of her seizures were not borne out by the record. *See* AR 9328–29. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

As the ALJ noted, no evidence suggested Plaintiff had significant difficulties after her seizures. *See* AR 9329. Although she testified she would black out for up to several hours, she told a provider the longest this occurred would be several seconds. AR 9330 (citing AR 9678). As for the frequency of her seizures, the ALJ noted Plaintiff had several months in a row without seizures prior to the 2021 hearing, despite testifying the seizures were a regular occurrence. *See* AR 9329. Although Plaintiff testified she had four seizures per year after her vagus nerve implant, the ALJ noted there were no seizure- or neurology-related medical visits after December 2022. AR 9330.

Although only some of this evidence demonstrates an inconsistency between Plaintiff's testimony and the medical evidence, the ALJ nonetheless could properly consider the paucity of evidence corroborating the frequency and severity of Plaintiff's seizures in discounting her testimony.

With respect to Plaintiff's allegations of flashbacks and panic attacks, the ALJ discounted this testimony because Plaintiff had not sought treatment for such symptoms. *See* AR 9330. This was a proper basis on which to reject that testimony. "[E]vidence of 'conservative treatment' is

sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)).

In sum, the ALJ properly rejected Plaintiff's subjective symptom testimony.

C.  **Lay Witness Statements**

Plaintiff also challenges the ALJ's assessment of a statement from her father and grandfather (AR 9646) and from her caregiver (AR 9670). Dkt. 18 at 18. The ALJ was required to provide germane reasons for rejecting these statements. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The new regulations did not remove the requirement that an ALJ consider a lay witness statement, and this requirement is the genesis of the germane reasons standard. *See Rhea L. v. Comm'r of Soc. Sec.*, No. 2:24-CV-870, 2024 WL 5244402, at *4–5 (W.D. Wash. Dec. 30, 2024) (citing *Dodrill*, 12 F.3d at 919; 20 C.F.R. §§ 404.1545(a)(3), 404.1529(a); SSR 96-8p). However, an error in addressing a lay witness statement can be harmless where the statement is duplicative of properly discounted testimony and the reasons given for rejecting that testimony apply to the lay witness statement. *See Molina*, 674 F.3d at 1116–22.

Plaintiff's father and grandfather described Plaintiff's difficult pregnancy and some symptoms of PTSD and indicated she required accommodations in school due to her learning disability. AR 9646. The ALJ reiterated that there was insufficient evidence of a learning disability. AR 9333; *see also* AR 9318 (finding no learning disability at step two). Plaintiff has not challenged this finding. Dkt. 18. Any error in assessing the statement's discussion of Plaintiff's PTSD was harmless, as the ALJ properly considered Plaintiff's similar testimony and rejected it based on an inconsistency with Plaintiff's course of treatment.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 8

Plaintiff's caregiver wrote that Plaintiff had nine grand mal seizures and fifteen absent seizures from September 2023 to February 2024. AR 9670. She also described some of Plaintiff's mental symptoms. *Id.* The ALJ properly found that the rate of seizures described was incongruent with the medical evidence. AR 9333. Specifically, the ALJ found allegations of nine grand mal seizures over six months inconsistent with Plaintiff's lack of any seizure-related treatment during that period. *See id.* This was a reasonable finding and provided a germane reason for rejecting the statement. As with the statement of Plaintiff's father and grandfather, any error in considering the mental components of the statement was harmless.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **AFFIRMS** Defendant's decision denying benefits.

Dated this 7th day of January, 2026.

David W. Christel
United States Magistrate Judge